UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRET HADDAD,

    Plaintiff,

       v.                     No. 3:16-cv-2023(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Bret Haddad's, application for Title II disability insurance benefits ("DIB"). It is brought pursuant to 42 U.S.C. § 405(g).[1] Plaintiff now moves for an order reversing the decision of the Commissioner of the Social Security Administration (the "Commissioner"), or in the alternative, an order remanding his case for a rehearing. [Doc. # 15]. The Commissioner, in turn, has moved for an order affirming her decision. [Doc. # 18]. For the reasons set forth below, Plaintiff's motion is granted and the matter is remanded for additional proceedings consistent with this opinion.

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. § 404.929. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. § 404.967. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

1

# **LEGAL STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

## BACKGROUND

a. **Facts**

Plaintiff filed his DIB application on May 30, 2013, alleging a disability onset date of May 20, 2013. His claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On March 25, 2015, a hearing was held before administrative law judge Deidre R. Horton (the "ALJ"). On May 15, 2015, the ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied review of the ALJ's unfavorable decision. This action followed.

Plaintiff was fifty-one years old on the date of the hearing before the ALJ. (R. 44). He has thirty-seven years of experience working as a self-employed gas station owner, attendant, and mechanic. (*Id.*). He has not worked since the alleged disability onset date. (*Id.*). Plaintiff's medical history is set forth in the briefs accompanying both parties' motions. In accordance with the Court's January 16, 2018 order, the parties stipulated to Plaintiff's medical history as set forth collectively. [Doc. # 23]. The Court adopts this medical chronology as represented in the briefs and incorporates it by reference herein.

b. **The ALJ's Decision**

The ALJ followed the sequential evaluation process for assessing disability claims.[2] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the

alleged onset date. (R. 13). At Step Two, the ALJ found Plaintiff's degenerative disc disease with neuropathy was a severe impairment. (R. 14). At Step Three, the ALJ found this impairment did not meet or medically equal the severity of one of the listed impairments. (R. 16). Next, the ALJ determined Plaintiff retains the following residual functional capacity[3]:

> Plaintiff can perform light work except he is limited to frequent climbing of ramps and stairs; frequent balancing; occasional climbing of ladders, ropes, and scaffolds; occasional crouching, crawling, stooping, and kneeling; and occasional overhead lifting.

(R. 14-20). At Step Four, the ALJ found Plaintiff was unable to perform his past work. (R. 20). Finally, at Step Five, the ALJ relied on the testimony of a vocational expert in concluding there are jobs existing in significant numbers in the national economy Plaintiff can perform. (R. 21). Accordingly, the ALJ found Plaintiff not to be disabled.

## **DISCUSSION**

In assessing a claimant's RFC, the ALJ must consider objective medical evidence and medical opinions, as well as the claimant's subjective symptoms. *See* 20 C.F.R. § 404.1545(a)(3). While the claimant bears the burden of providing evidence relevant to the RFC determination, the ALJ is responsible for developing a claimant's complete medical history, including obtaining consultative exams and contacting treatment providers. *Id.* The regulations instruct the ALJ to consider "any statements about what [the claimant] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations"

---

residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. § 404.1520 (a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on this last step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).
[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite her limitations. 20 C.F.R. § 404.1545(a)(1).

4

and "descriptions and observations of [the claimant's] limitations…, including limitations that result from… symptoms, such as pain." *Id.* As the regulations indicate, the purpose of the RFC determination is to ascertain what a claimant *can do* despite those limitations. *See id.* at (a)(1). Thus, the ALJ "must specify the functions plaintiff is capable of performing and *may not simply make conclusory statement regarding a plaintiff's capacities.*" Aiello v. Comm'r of Soc. Sec., No. 5:06-CV-1021, 2009 WL 87581, at *3 (N.D.N.Y. Jan. 9, 2009) (emphasis in original). When a claimant's medical records contain "findings merely diagnosing the claimant's impairments without relating that diagnosis to functional capabilities, the general rule is that the Commissioner may not make the connection [herself]." *Kain v. Colvin*, No. 14-CV-650S, 2017 WL 2059806, at *3 (W.D.N.Y. May 15, 2017) (internal quotation marks omitted).

The administrative record in this case is devoid of a medical opinion from a treating or examining source that relates the medical evidence to what Plaintiff can and cannot do functionally. Therefore, the Court cannot conclude there was a basis for the ALJ's RFC determination that Plaintiff was capable of light work with postural limitations. Light work involves lifting no more than twenty pounds and frequent carrying of up to ten pounds, as well as "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). In making this RFC determination, the ALJ specifically discussed the following medical evidence.

First, the record contains treatment notes from Dr. Litwin, an internal medicine specialist who saw Plaintiff during the relevant period. These notes document Plaintiff's symptoms and treatment, but do not address any functional capacities or limitations.

The record also contains an MRI from December 2010 showing multi-level stenosis, most severe at the C4-5 level where it is significantly deforming the spinal cord. (R. 404). The study indicates that some findings had worsened since a 2004 MRI. (*Id.*).

Also included in the record is a consultative exam conducted by Dr. Marshall on July 26, 2013. The examination report documents Plaintiff's twenty-five year history of back pain, diagnoses of spondylolysis and disc disease, a recommendation for surgery that Plaintiff declined, and treatment with epidural injections which have not provided lasting relief and with pain medication. (R. 643-44). Upon physical examination, Plaintiff was able to flex his spine to thirty degrees before pain ensued, and full extension was possible; the cervical spine had normal range of motion; there was tenderness over the paravertebral muscles from the cervical spine to the lumbar spine; there was spasm in the left trapezius; Plaintiff had decreased grip strength bilaterally; and range of motion in all extremities was "essentially normal for the patient's age and body habitus." (R. 644-45). Dr. Marshall found that Plaintiff has "rather extensive" spinal disease in all three segments of the spine, and that physical therapy and/or cervical injections were not likely to produce improvement. (R. 645). He concluded that Plaintiff's disease was "both prominent and progressive and is likely to continue to worsen with a passage of time." (*Id.*). Dr. Marshall did not make any findings as to Plaintiff's ability to engage in work-related activities. The ALJ "considered" this opinion in determining the RFC, and noted that it failed to provide a "function-by-function description of the claimant's abilities." (R. 20).

The state agency medical consultant at the initial level reviewed an available portion of Plaintiff's medical records and found Plaintiff capable of lifting and carrying 10 pounds frequently and 20 pounds occasionally; sitting, standing, and walking for six hours in an eight hour workday; frequently climbing ramps and stairs; frequently balancing; occasionally climbing

6

ladders, ropes, and scaffolds; and occasionally stooping, kneeling, crouching, and crawling. (R. 83-84). The consultant at the reconsideration level reviewed the same records and agreed with the initial level consultant. (R. 108-10). The ALJ gave these opinions "great weight insofar as they are consistent with" the ALJ's RFC determination, but noted that medical records received into evidence after the consultants reviewed the file indicated "additional physical impairments." (R. 20).

The record does not contain any opinion evidence or a medical statement from a treating *or* examining source as to plaintiff's functional limitations. Even the state agency consults did not review the evidence in its entirety, as some records indicating additional impairments were not available to them. The Court is then left without a clear indication of how the ALJ reached the RFC determination without resorting to impermissible interpretation of raw medical data.

Courts in this circuit have ordered remand under similar circumstances. In *Smith v. Comm'r of Soc. Sec.*, No. 5:17-CV-0488 (GTS), 2018 WL 1684337, at *6 (N.D.N.Y. Apr. 5, 2018), the court remanded a case for additional proceedings when the record did not contain a functional assessment from a "qualified medical professional." The court observed the difference between "analyzing medical records to determine what the weight of the evidence supports and interpreting raw medical data that would require the expertise of a physician or other trained medical source," and concluded that "the ALJ is precluded from doing only the latter." *Id.* The same concern is present here: without the input of a medical professional who reviewed the medical records in their entirety, the ALJ substituted her own opinion for that of a medical source in formulating the RFC. This is impermissible.

Likewise, in *Cyman v. Colvin*, No. 1:13-CV-00707 MAT, 2015 WL 5254275, at *6 (W.D.N.Y. Sept. 9, 2015), the court found reversible error when the ALJ made an RFC

7

determination without a functional assessment from any treating or examining source, reasoning that without such an assessment, the ALJ improperly "substituted his own medical judgment." *See also Kain*, 2017 WL 2059806, at *3 (remanding for further development of the record and for additional proceedings when the record did not contain a functional assessment from a treating source); *Aiello*, 2009 WL 87581, at *5 (remanding when the only RFC assessments were from the state agency consultants, and the record did not contain any opinion of claimant's functional limitations from an examining source). Here, since the ALJ did not have available to her any guidance from a treating or examining source as to what Plaintiff could do despite his limitations, the Court cannot meaningfully review the RFC finding.

Since the Court is unable to determine whether the ALJ's conclusion that Plaintiff can perform light work with limitations is supported by substantial evidence, additional administrative proceedings are required. This case is remanded for proper consideration of the RFC in accordance with the regulations. On remand, the ALJ should develop the record as necessary to obtain opinions as to Plaintiff's functional limitations from treating and/or examining sources.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is granted and the Commissioner's motion to affirm is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c). The Clerk's Office is

instructed that, if any party appeals to this Court the decision made after this remand, any subsequent social security appeal is to be assigned to the Magistrate Judge who issued the ruling that remanded the case.

SO ORDERED, this  2nd  day of May, 2018, at Bridgeport, Connecticut.

                                             */s/ William I. Garfinkel*
                                             WILLIAM I. GARFINKEL
                                             United States Magistrate Judge